UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA RUSSELL,<br><br>               Plaintiff,<br><br>   v.<br><br>T-MOBILE USA, INC.,<br><br>               Defendant. | CASE NO. 2:24-cv-00255-MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Parties' Joint Motion for Reconsideration. (Dkt. No. 22.) Having reviewed the Motion and all supporting materials, the Court DENIES the motion without prejudice.

The Parties previously asked the Court to "extend the trial date and all upcoming pre-trial deadlines by three months." (Dkt. No. 20 at 1.) The request was based on "defense counsel's upcoming trial schedule," which the Parties claimed "preclude[d] the parties from completing discovery before the current discovery deadline of January 24, 2025." (Id.) The Parties stated that defense counsel's trial schedule was an insurmountable obstacle in two regards. First,

because "Plaintiff ha[d] not yet served Defendant's witnesses with any deposition notices," there would be "insufficient time" for those depositions prior to the discovery deadline. (Id. at 2.) Second, at the time of the motion, Plaintiff had yet to sit for her deposition due to Defendant's insistence that it occur in-person and the untimely delivery of Plaintiff's medical records. (Id.) The Court denied the motion on the basis that "Defense counsel's failure to manage internal work schedules is not good cause for a continuance in this case." (Dkt. No. 21.)

The Parties now jointly move for reconsideration of the Court's order. (Dkt. No. 22.)

Although the Parties move for reconsideration, the Court construes the Motion as a renewed request for a "slight modification" to the schedule in this case. (Mot. at 2.) Rather than show manifest error under LCR 7(h)(1), the Parties' need only show good cause. Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). The Court continues not to find good cause to justify a three-month extension to the remaining case deadlines. The Court reviews all reasons presented and explains why they fail to show good cause.

The Parties identify four reasons underlying their request. First, the Parties submit that a three-month extension is necessary because defense counsel's trial schedule in King County Superior Court, along with Plaintiff's inability to "appear for deposition until mid-October

2024," have resulted in the Parties being "unable to complete discovery by the current deadline." (Mot. at 2.) Second, the Parties specify that while Plaintiff was deposed on November 13, 2024, the deposition remains open because a third-party licensed mental health counselor still has not produced Plaintiff's medical records "for reasons that remain unclear." (Id.) Third, the Parties state that an extension is necessary because "Plaintiff has not yet deposed any witnesses," and is unlikely to do so before the discovery deadline "given the unavailability of key witnesses during the holiday season." (Mot. at 4.) Fourth, Plaintiff states she was constrained from "requesting depositions prior to T-Mobile taking her deposition," as "[d]oing so would have suggested bad faith on Plaintiff's part and potentially invited a discovery motion." (Id.)

On this record, the Court reaffirms that there is no good cause for a three-month extension to the remaining deadlines in this case.

First, the Court does not view the failure to conduct discovery in a timely manner as good cause to extend case deadlines. (See Dkt. No. 19 at 2 ("failure to complete discovery within the time allowed is not recognized as good cause [for an extension].").) The Parties have not shown why they are unable to complete discovery in the nearly two months before the deadline. (See Mot. at 4.) And they only speculate on the "unavailability of key witnesses during the holiday season," without explaining who those witnesses are, what information they may possess, why those witnesses are critical to proving Plaintiff's case, and whether their "anticipated unavailability" is actual or merely presumptive. (Id.)

Second, the Parties have failed to explain why defense counsel's trial schedule precludes the completion of discovery by the January 24, 2025, deadline. Three attorneys have appeared on behalf of Defendant; only one, Ms. Moore, has current trial obligations. Ms. Loberstein's trial in King County Superior Court appears to have concluded, see Wanamaker v. Swedish Health

1  Services, KCSC 22-2-03234-1 SEA, Dkt. No. 192 (judgment after jury trial entered on
2  November 15, 2024), and Mr. Urey's trial in California state court is now set to begin in mid-
3  Summer 2025. (Dkt. No. 20-1 ¶ 4.) Without upcoming trials, Ms. Loberstein and Mr. Urey
4  should be capable of managing discovery while Ms. Moore is otherwise occupied. And while
5  "neither Plaintiff nor T-Mobile can dictate the trial setting practices of trial courts in King
6  County Superior Court," (Mot. at 3), the Court notes that the deadlines set in this case were in
7  place well before Ms. Moore's trial was rescheduled. (Compare Dkt. No. 19 (this Court's order
8  from July 29, 2024, setting the deadlines in this matter) with Danielson v. Seattle Children's
9  Hospital, KCSC No. 23-2-19905-7 SEA, Dkt. No. 116 (October 28, 2024, order setting the state
10 court trial date for the following month).)

  Third, the Court finds that Plaintiff's failure to note the deposition of any witnesses undermines the Parties' claims that they "have been diligent in their discovery efforts." (Mot. at 4.) Under the timing set forth by Fed. R. Civ. P. 26(d)(1), Plaintiff could have noted depositions at any time after the May 9, 2024, discovery conference. (See Dkt. No. 17 at 2); Fed. R. Civ. P. 26(f). Any suggestion that Plaintiff conducting depositions before Defendant would be "bad faith" and "potentially invite[] a discovery motion," is incorrect. Unless otherwise ordered, "methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). This practical consideration prevents a litigant from "delay[ing] his adversary's taking of depositions for an inordinate time." See Fed. R. Civ. P. 26(d) advisory committee's notes (1970 amendment). Neither rule nor order nor practice inhibited Plaintiff from requesting depositions; failure to do so in the time provided is not good cause for an extension.

ORDER DENYING MOTION FOR RECONSIDERATION - 4

1  Fourth, the Court understands that Defendants have deposed Plaintiff, but the
2 examination remains open. (Mot. at 2.) Specifically, the Parties claim the deposition cannot be
3 completed without records from a third-party, which Defendants have requested but not yet
4 received. (Id.) But so far, Plaintiff has only "reached out [to the third party] to inquire about the
5 reason records have not yet been produced." (Id. at 2 n.1.) The Court is left to guess as to when
6 this request was made, if any response was given, or when the Parties anticipate the records to be
7 produced. In short, the Parties have not shown diligence or urgency in procuring these records. If
8 Defendant needs those records to complete their deposition of Plaintiff, they should seek to
9 enforce the request via subpoena under Fed. R. Civ. P. 45. Should Defendant do so, the Court
10 may be willing to entertain a motion asking for Plaintiff's deposition to be continued beyond the
11 discovery deadline, should the need arise. Until then, the Court finds no good cause for a three-
12 month extension to the remaining deadlines in this case on the basis that Plaintiff's deposition
13 remains open.

14  The Parties are reminded that the case schedule can only be adjusted with the Court's
15 consent. LCR 16(b)(6). This is not a superfluous requirement. The Court is responsible for
16 managing its own docket and trial schedule; allowing litigants to change deadlines and trial dates
17 without the requisite showing of good cause would result in inevitable conflicts and
18 inefficiencies.

19  There remain inadequate grounds articulated that might justify the requested extension.
20 The Court therefore DENIES the Motion without prejudice. The Parties may renew their request,
21 but they must address the deficiencies noted in this order and demonstrate good cause for the
22 extension of any case deadlines and/or the trial date.

23  The clerk is ordered to provide copies of this order to all counsel.

24

Dated December 3, 2024.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 6