|   |   |   |
|---|---|---|
|   | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE |   |
| SANDRA RUSSELL,<br><br>                    Plaintiff,<br><br>      v.<br><br>T-MOBILE USA, INC.,<br><br>                    Defendant. | | CASE NO. 2:24-cv-00255-MJP<br><br>ORDER GRANTING IN PART THE PARTIES' JOINT MOTION FOR EXTENSION |

This matter comes before the Court on the Parties' Joint Motion for Extension of Case Deadlines. (Dkt. No. 24.) Having reviewed the Motion and all supporting materials, the Court GRANTS IN PART the Motion.

The Parties request a six-month extension to the remaining deadlines in this case—including the trial date—due to "the anticipated due date of Plaintiff's counsel's child and counsel's parental leave," and the Parties' "current trial schedules." (Mot. at 2-3.) Specifically, Plaintiff's counsel's child is expected to arrive on or around June 26, 2025, (see Dkt. No. 24-2,) three days after trial is currently scheduled to begin, (see Dkt. No. 19.) The Parties claim this

ORDER GRANTING IN PART THE PARTIES' JOINT MOTION FOR EXTENSION - 1

1 would put Plaintiff at a "severe disadvantage," as they would be without representation during
2 trial. (Mot. at 2.) The Parties further note that Plaintiff's counsel intends to "stagger his parental
3 leave in two different time periods to attempt to minimize its impact on work (one immediately
4 following the birth, and one beginning on or around October 20, 2025)." (Mot. at 2.)

5     To obtain an amendment to a scheduling order, the movant must demonstrate good cause.
6 See Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the
7 diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d
8 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot
9 reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R.
10 Civ. P. 16 Adv. Comm. Notes (1983 amendment).

11     On the record before it, the Court finds good cause to continue the trial date and so
12 GRANTS IN PART the Motion. However, before setting a new trial date, the Court requires
13 additional information from the Parties related to Plaintiff's counsel's parental leave.
14 Specifically, the Court needs to know when Plaintiff's counsel intends to end his first period of
15 staggered parental leave. (See Mot. at 2.) The Parties are ORDERED to provide such
16 information to the Court by January 3, 2025. Upon receiving that information, Court will set a
17 new trial date.

18     However, the Court does not find good cause to amend the interim deadlines as
19 previously set. The July 23, 2025, trial date is the only deadline affected by the birth of
20 Plaintiff's counsel's child and subsequent parental leave. The Parties do not explain why the
21 upcoming birth prevents Plaintiff's counsel from meeting the remaining deadlines set in this
22 case, all of which are set to occur before the July 26, 2025, due date. Finding no good cause to do
23 so, the Court DENIES the Motion as it relates to the interim deadlines.
24

ORDER GRANTING IN PART THE PARTIES' JOINT MOTION FOR EXTENSION - 2

1       In summary, the Motion is GRANTED IN PART and DENIED IN PART. The Parties
2   are ORDERED to provide information regarding Plaintiff's counsel's upcoming parental leave to
3   the Court by January 3, 2025. Upon receiving this information, the Court will set a new trial
4   date. The remaining deadlines in this case remain unchanged.

5       The clerk is ordered to provide copies of this order to all counsel.

6       Dated December 23, 2024.

                                                                                             Marsha J. Pechman
                                                                                             United States Senior District Judge