UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA RUSSELL, | CASE NO. 2:24-cv-00255-MJP |
| Plaintiff, | ORDER ON DISCOVERY MOTIONS |
| v. | |
| T-MOBILE USA, INC., | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court on Plaintiff Sandra Russell's Motion to Compel Responses to Plaintiff's First Interrogatories and Requests for Production (Dkt. No. 26) and Plaintiff's Motion to Compel Defendant to Produce a FRCP 30(b)(6) Representative (Dkt. No. 33.) Having reviewed the Motions, Defendant T-Mobile USA, Inc.'s responses (Dkt. Nos. 29, 36), the replies (Dkt Nos. 31, 37), the relevant record, and all other supporting materials, the Court GRANTS both Motions.

1

**ANALYSIS**

2

**A.  Legal Standard**

3

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any

4

party's claim or defense and proportional to the needs of the case," among other considerations.

5

Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case hinges on

6

"the importance of the issues at stake in the action, the amount in controversy, the parties'

7

relative access to relevant information, the parties' resources, the importance of the discovery in

8

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

9

likely benefit." Id. The parties must also meet and confer prior in an effort to resolve the dispute

10

before seeking assistance of the Court, and so certify. See Local Civil Rule 37(a)(1). The Court

11

is satisfied that the Parties have conferred as to both motions.

12

**B.  Motion to Compel Responses (Dkt. No. 26.)**

13

Plaintiff moves the Court for an order compelling Defendant's supplemental responses to

14

a number of discovery requests made in her First Interrogatories and Requests for Production.

15

(Mot. at 1.) Alongside its response brief, Defendant served Plaintiff with supplemental responses

16

to nearly all of the discovery requests at issue. (See Declaration of Katie Loberstein (Dkt. No.

17

30) ¶ 10, Ex. A.) In reply, Plaintiff maintains that certain responses remain deficient despite

18

supplementation, noting that "there is in fact quite a bit left to compel [Defendant] to produce."

19

(Reply at 1.) The Court agrees, in part, and examines the sufficiency of those responses below.

20

**1.  Complaints against Plaintiff's managers (Interrogatory Nos. 4–6; Request for**

21

**Production No. 4)**

22

Plaintiff first argues that Defendant has not answered or produced documents related to

23

complaints levied against Plaintiff's managers. (Reply at 3–4.) Defendant's supplemental answer

24

to Interrogatory No. 4 states that "Other than Plaintiff's bonus-related complaint against Vance Hampleman, Defendant is unaware of any complaints of discrimination, harassment, and/or retaliation against Bob Bird, Vance Hampleman, Josh Barr, or Collin Williams." The Court finds this answer to be sufficiently responsive to Interrogatory No. 4, and, by incorporation, the remaining requests at issue. Therefore, the Court DENIES Plaintiff's Motion as to Interrogatory Nos. 4–6 and Request for Production No. 4.

### 2. Information regarding members of Plaintiff's team (Interrogatory Nos. 13, 14, 21; Request for Production Nos. 20, 21, 35)

Plaintiff next argues that Defendant has failed to provide complete information regarding other members of Plaintiff's team. (Reply at 2–3.) Defendant's supplemental production purports to include "documents containing the demographic and job information" of Plaintiffs' teammates, including "emails detailing the job duties of Plaintiff's colleagues." (See e.g., Loberstein Decl., Ex. 1 at 22.) Plaintiff alleges that the supplemental production consists of a spreadsheet which shows only Plaintiff's teammates' dates of employment and last known job titles. (Reply at 2.) Critically, Plaintiff argues that the spreadsheet does not provide (1) contact information for potential witnesses; (2) information regarding positions and job title changes; (3) job duties and responsibilities; (4) education and experience of coworkers; and (5) sources and level of compensation and any changes made during the relevant period. (Reply at 2–3.) The Court finds that this missing information is directly relevant to Plaintiff's Washington Equal Pay and Opportunities Act claims, where Plaintiff alleges that "employees who did not share [Plaintiff's] gender, but who shared her job title, were employed at the same time as [Plaintiff], and had similar duties and responsibilities, were paid more than [Plaintiff]." (Compl. ¶ 4.33.) Therefore the Court GRANTS Plaintiff's Motion as to Interrogatory Nos. 13, 14, 21 and Request for Production Nos. 20, 21, 35. Within 14 days of this Order, Defendant must provide Plaintiff

1   with (1) contact information of Plaintiff's teammates during the relevant time period (i.e.,

2   September 1, 2019, to June 30, 2023); (2) information related to job duties and responsibilities of

3   Plaintiff's teammates, including any changes of title or position during the relevant time period;

4   (3) education and experience of Plaintiff's teammates during the relevant time period; and (4)

5   compensation details of Plaintiff's teammates and any relevant changes made to that

6   compensation during the relevant time period.

7         **3. Reduction in force information (Interrogatory No. 20; Request for Production**

8             **No. 31)**

9         Plaintiff next argues that Defendant failed to provide complete information regarding an

10  affirmative defense that Plaintiff's termination was not motivated by discrimination, but that she

11  was let go as part of a reduction in force ("RIF") in 2023. (Reply at 4–5.) While Defendant's

12  supplementary production included a "spreadsheet with the names of Product Owners who were

13  part of the [2023 RIF]," it did not include additional RIF-related information sought by Plaintiff,

14  including: (1) who/how the RIF decisions were made; (2) the dates of employment for each

15  employee affected by the RIF; and (3) other comparator information of RIFed employees. Id.

16  This information is relevant and necessary for Plaintiff to confront Defendant's affirmative

17  defense that there were non-discriminatory reasons for Plaintiff's termination. (See Defendant's

18  Answer (Dkt. No. 12) at 30.) However, the Court finds that limiting the potential universe of

19  RIFed employee information to only Product Owners is appropriate and reasonable in scope.

20  Therefore, the Court GRANTS Plaintiff's Motion IN PART as to Interrogatory No. 20 and

21  Request for Production No. 31. Within 14 days of this Order, Defendant must provide Plaintiff

22  with the following information regarding each Product Owner who was terminated as part of the

23  2023 RIF: (1) who made the RIF decisions and how those decisions were made; (2) the Product

24

Owners' dates/term of employment; and, if known, (3) the Product Owners' education, experience, and other demographic information relevant to Plaintiff's discrimination claims, including race, gender, age, and disability.

### 4. Work from home authorizations (Interrogatory No. 18; Request for Production No. 27)

Plaintiff next seeks an order compelling Defendant to provide a list of employees who were allowed to work from home between September 1, 2019, through the present. (Reply at 5–6.) Defendant has refused to answer or supplement this request, objecting that because any answer would include review all employees who were required to work from home during the COVID-19 pandemic, compliance "would necessarily require hundreds of hours of work." (Resp. at 4.) This is an understandable objection. But a key element of Plaintiff's claims includes allegations that Defendant's refusal to allow her to work remotely, while allowing other employees to do so, was a discriminatory failure to accommodate. Upon balancing the interests of the Parties, the Court GRANTS Plaintiffs' Motion as to Interrogatory No. 18 and Request for Production No. 27 IN PART. Within 14 days of this Order, Defendant must provide full responses to the requests, limited to work from home authorizations granted to Plaintiffs' teammates between September 1, 2019, through the present.

### 5. Prompt production (Request for Production Nos. 5–6, 16, 18, 39)

Plaintiff finally asks that the Court issue a deadline for Defendant to complete production of documents responsive to five outstanding requests. (Reply at 7.) Defendant has promised productions related to those requests by January 23, 2025. (Loberstein Decl. ¶ 9.) The Court GRANTS Plaintiff's Motion as to Request for Production Nos. 5–6, 16, 18, 39. To the extent those productions remain forthcoming, Defendant must do so within 14 days of this Order.

### C. Motion to Compel Rule 30(b)(6) Witness (Dkt. No. 33.)

1    Plaintiffs' second motion seeks an order compelling Defendant's production of a

2    corporate representative to serve as a Rule 30(b)(6) deposition witness. Defendant does not

3    oppose the Motion. (Dkt. No. 26 at 2, 5.) The Motion is GRANTED. Within 10 days of this

4    Order, Defendant must produce a corporate designee to appear for a FRCP 30(b)(6) deposition.

5    **D.  Additional discovery disputes**

6    Defendant voices a concern that producing a 30(b)(6) witness may "invite additional

7    discovery disputes." (Dkt. No. 26 at 2.) The Court notes that the December 26, 2024, discovery

8    motion deadline in this case has lapsed. (Dkt. No. 19.) Accordingly, should further discovery

9    disputes arise regarding the relief provided for in this Order (i.e., Defendant's supplemental

10   discovery responses or the deposition of Defendant's 30(b)(6) witness) the Parties may submit

11   their dispute for the Court's review via the Expedited Joint Motion Procedure as per Local Civil

12   Rule 37(a)(2).

13   **E.  Attorney's Fees**

14   Plaintiff requests an award of attorney fees and costs related to bringing both motions.

15   (See Dkt. No. 26 at 15; Dkt. No. 33 at 10.) As the successful movant, Plaintiff is entitled to an

16   award of her reasonable expenses incurred in making the motion, including attorney's fees. See

17   Fed. R. Civ. P. 37(a)(5)(A), (d)(1)(A)(3). However, this award is precluded upon the court's

18   determination that "the opposing party's nondisclosure, response, or objection was substantially

19   justified," or that "other circumstances make an award of expenses unjust" Id. at (a)(5)(A)(ii)–

20   (iii), (d)(1)(A)(3).

21   On this record, the Court does not find that Defendant was substantially justified in

22   failing to produce timely and fulsome discovery responses to Plaintiffs' requests. (Dkt. No. 29 at

23   9.) As discussed above, much of the information originally sought by Plaintiff—such as

24

comparator information—was directly related to her claims and proportional to the needs of her case. Fed. R. Civ. P. 26(b)(1). Nor does the Court find a fee award would be unjustly granted due to Plaintiff's own delay in "initiating the meet-and-confer process and proposing ESI search terms." (Dkt. No. 29 at 13.) Defendant is equally to blame for dragging its heels in providing discovery responses. Defendant asked for, and received, an extension to respond to Plaintiff's requests. (Musto Decl. ¶ 4.) And throughout its briefing, Defendant references the "holiday season" and related plans as an excuse for its delays in complying with discovery obligations. (See Dkt. No. 29 at 5, 6 n.1, 13; see also Dkt. No. 36 at 1, 2, 5.) Accordingly, the Court finds that Plaintiff's delay is insufficient to show that a fee award is unjust.

As to the second motion, Defendant argues that a fee award is improper because Plaintiff "did not provide T-Mobile with sufficient notice" of the 30(b)(6) topics. Plaintiff sent Defendant the 30(b)(6) deposition notice on December 30, 2024, or 25 days before the close of fact discovery. The Court finds that this is a reasonable length of time for Defendant to identify a witness, schedule their deposition, and prepare them for examination.

Defendant's arguments to the contrary are unavailing. First, Defendant claims that Plaintiff should have "reasonably . . . assumed" that Defendant would be "out for the week (in light of the New Year holiday)" when they were served with the deposition notice. As discussed above, the Court disagrees with Defendant's overreliance on holidays as justification for its failure to participate in discovery. Second, Defendant claims that by setting December 26, 2024, as the discovery motion deadline, the Court necessarily "contemplated that the parties would not be issuing new discovery" after that date. (Dkt. No. 36 at 6.) Similarly, on January 14, 2025, Defendant assumed that it could refuse to comply with discovery by declining to produce a 30(b)(6) witness. But neither assumption is supported by the Court's scheduling order, which set

1  the discovery completion deadline for January 24, 2025. (Dkt. No. 19 at 1.) It is neither

2  reasonable nor substantially justified for Defendant to unilaterally end the discovery process

3  based on its own assumptions, particularly when those assumptions contradict an order of the

4  Court.

5          Therefore, the Court GRANTS Plaintiff's request for fees and costs as to both motions.

6  Within ten (10) days of entry of this Order, Plaintiffs may seek their fees via a fee petition. The

7  petition shall be supported by a sworn declaration and records sufficient to show counsel's

8  hourly rates, the hours reasonably expended, and the costs incurred as related to each motion.

9  Upon the filing of Plaintiff's fee petition, Defendant shall have seven (7) days to respond and

10 provide any objections. Unless otherwise ordered, Plaintiff shall not file a reply.

11                              **CONCLUSION**

12         Plaintiff's Motion to Compel Responses (Dkt. No. 26) is GRANTED IN PART. Within

13 14 days of this Order, Defendant is ORDERED to provide Plaintiff with supplemental responses

14 to the Interrogatories and Requests for Production as detailed above. Plaintiff's Motion to

15 Compel Rule 30(b)(6) Witness (Dkt. No. 33) is GRANTED. Within 10 days of this Order,

16 Defendant must designate and produce a corporate witness to appear for a FRCP 30(b)(6)

17 deposition.

18         Plaintiff's request for fees and costs as to both motions is GRANTED. Within ten (10)

19 days of entry of this Order, Plaintiffs may seek their fees via a fee petition. The petition shall be

20 supported by a sworn declaration and records sufficient to show counsel's hourly rates, the hours

21 reasonably expended, and the costs incurred as related to each motion. Upon the filing of

22 Plaintiff's fee petition, Defendant shall have seven (7) days to respond and provide any

23 objections. Unless otherwise ordered, Plaintiff shall not file a reply.

24

1    Any further disputes regarding the discovery directed by this Order may be presented to

2    the Court using Local Civil Rule 37(a)(2)'s Expedited Joint Motion Procedure.

3    The clerk is ordered to provide copies of this order to all counsel.

4    Dated March 21, 2025.

Marsha J. Pechman
United States Senior District Judge