1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    SANDRA RUSSELL,                          CASE NO. 2:24-cv-00255-MJP

11                          Plaintiff,          ORDER DENYING
                                                RECONSIDERATION
12          v.

13    T-MOBILE USA, INC.,

14                          Defendant.

15

16          This Motion comes before the Court on Defendant T-Mobile USA, Inc.'s Motion for

17    Partial Reconsideration of the Court's March 21, 2025, Order on Discovery Motions. (Dkt. No.

18    59.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

19          Motions for reconsideration are disfavored. Local Civil Rule 7(h)(1). "The court will

20    ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

21    a showing of new facts or legal authority which could not have been brought to its attention

22    earlier with reasonable diligence." Id. Defendant seeks reconsideration of the Court's Order on

23    Discovery Motions (Dkt. No. 52), on the grounds that the Court "erred and/or reconsideration is

24

ORDER DENYING RECONSIDERATION - 1

1  warranted based on new facts not previously considered." (Mot. at 3.) The Court addresses both

2  claims in turn.

3       Defendant first asserts that the Court committed manifest error by not considering the

4  workload and availability of its counsel "when finding that attorney's fees were warranted based

5  primarily on T-Mobile's references to holiday scheduling." (Mot. at 3.) This is incorrect for a

6  number of reasons. <u>First</u>, Defendant ignores one of the Court's bases for granting fees. Besides

7  "disagree[ing] with Defendant's overreliance on holidays as justification for its failure to

8  participate in discovery," the Order also found that Defendant's unilateral "refus[al] to comply

9  with discovery by declining to produce a 30(b)(6) witness." (Order at 7.) Defendant argued that

10  despite the case scheduling order listing January 24, 2025, the Court had "contemplated that the

11  parties would not be issuing new discovery" after the December 26, 2024, discovery motion

12  deadline, and therefore they were justified in refusing to respond to Plaintiff's Rule 30(b)(6)

13  notice by designating corporate representatives. (Dkt. No. 36 at 5–6.) The Court disagreed,

14  finding it was "neither reasonable nor substantially justified for Defendant to unilaterally end the

15  discovery process based on its own assumptions, particularly when those assumptions

16  contradict" the case scheduling order. (Order at 8.) Defendant's Motion does not discuss—let

17  alone assign error to—this basis for the imposition of fees.

18       <u>Second</u>, Defendant is incorrect in assuming that the Court did not consider the facts

19  relevant to the record. Specifically, Defendant relies on the Declaration of Giancarlo Urey (Dkt.

20  No. 36-1) as evidence that Attorneys Urey and Loberstein were "working hard to complete

21  discovery in [this] case." (Mot. at 2.) The Court notes that while the Urey Declaration shows that

22  the two attorneys billed nearly 120 hours between January 2 through January 10, 2025, it does

23  not specify whether those hours were billed to <u>this</u> client or matter. But even if the Urey

24

1   Declaration did go into such granular detail, it would not change the Court's determination that

2   Defendant's decision to cut off discovery prior to the date set by the case scheduling order

3   warranted the award of Plaintiff's costs and attorneys fees incurred in relation to bringing the

4   motion.

5          Defendant next points to the Declaration of Portia Moore (Dkt. No. 60), as "information

6   . . . now relevant for the Court to consider" in regards to attorney fees. (Mot. at 4.) "A motion for

7   reconsideration 'may not be used to raise arguments or present evidence for the first time when

8   they could reasonably have been raised earlier in the litigation.'" Marlyn Natraceuticals, Inc. v.

9   Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quoting Kona Enters., Inc. v.

10  Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  While the Court sympathizes with

11  Attorney Moore, the the information pertaining to her unavailability was known and able to be

12  raised in Defendant's response brief. It was not. Attorney Moore or her team could have made

13  the Court aware of her circumstances (through document sealing so it would not appear on the

14  public record) and then requested a change to the schedule to prepare their 30(b)(6) witnesses.

15  They did not. Instead, they made Plaintiff move the Court for relief. Therefore, the Court will not

16  reconsider the Order on the basis of the previously-existing evidence newly supplied in the

17  Moore Declaration.

18         Defendant presents no "newly discovered evidence," "clear error," or "intervening

19  change in the controlling law" to warrant reconsideration of the Court's existing ruling. See

20  Marlyn Natraceuticals, 571 F.3d at 880. The Motion is DENIED.

21         The clerk is ordered to provide copies of this order to all counsel.

22         //

23         //

24

1  Dated April 10, 2025.

2

3  Marsha J. Pechman
United States Senior District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING RECONSIDERATION - 4