1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA RUSSELL, individually,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a Foreign Profit Corporation,<br><br>Defendant. | NO. 2:24-CV-00255-MJP<br><br>PLAINTIFF'S MOTIONS IN LIMINE<br><br>NOTE ON MOTION CALENDAR:<br>June 9, 2025 |

The Plaintiff respectfully moves this Court *in limine* for an order excluding from the trial any evidence, exhibits, or reference to:

1. The Plaintiff's net worth and/or investments;

2. The Plaintiff having two residences, one in Washington and one in New Jersey;

3. The Plaintiff having been in any car accidents;

4. Suggestions that the Plaintiff "killed" someone, or was responsible for or at fault for a death related to a car accident;

5. Prior to their testimony, exclude T-Mobile from having a corporate representative present at trial or in court who is anticipated to testify at trial or who has been disclosed as a witness.

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899

**I. Exclude Evidence, Exhibits, and/or Reference to the Plaintiff's Net Worth and/or Investments**

Federal Rule of Evidence ("FRE") 401 defines relevant evidence as evidence that "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FRE 401. Irrelevant evidence is not admissible. FRE 402. The court may also exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

During Ms. Russell's deposition, the Defendant questioned Ms. Russell on her investments. Declaration of Jeffrey O. Musto in Support of the Plaintiff's Motions in Limine (hereafter "Musto MIL Decl.") at ¶ 3, Ex. A (35:10–36:10; 38:9–19). Among other things, the Defendant asked Ms. Russell:

- "And if you had to guess, Since June 2023 [the approximate date of Ms. Russell's termination], how much money have you invested in stock or cryptocurrency?"

- "How much money have you made in cryptocurrency since 2023?"

- "And how much do you have in investments, if you had to estimate right now?"

- "What's a lot?" "And I'm asking for a number."

*Id*.

That Ms. Russell has investments in the stock market (other than restricted stock units and/or 401(k) contributions she received as benefits to her employment with T-Mobile) or has accumulated savings over the course of her career is of no conceivable relevance to her claims. Answers to these sorts of questions provide no insight into whether she was discriminated

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899

against, reasonably accommodated, suffered retaliation, or wrongfully discharged. Nor does this information have any bearing on her economic damages in this case.

Furthermore, evidence of this nature appears to be a backdoor attempt to present the jury with potential evidence of a type of collateral source income. Whether Ms. Russell's investments increased in value or if she received income from her investments or savings (i.e., in the form of interest, dividends, or otherwise), are of no relevance to her claims or damages and T-Mobile should not get the benefit of being able to present evidence one way or the other on this to the jury. T-Mobile should not be permitted to profit or argue that Ms. Russell has other forms of income or savings that she accumulated or developed separate from her employment with T-Mobile.

In presenting her case, if Ms. Russell wishes to explain to the jury that she had to sell investments or deplete her savings as a result of losing her job with T-Mobile, that has a direct bearing on her economic damages. The total amount of those savings and investments, where they are located, and the type of investments do not.

Last, even if the Court was persuaded that this information was somehow relevant, it should still exclude it under FRE 403 as likely to lead to unfair prejudice, confusing the issues, and misleading the jury. This line of questioning could engender bias in the jury against Ms. Russell if they are persuaded by the implication that she is well off or has sufficient savings to absorb the loss of a job for a period of time (both of which are immaterial to whether she is entitled to economic damages in this case).

**II. Exclude Evidence, Exhibits, and/or Reference to the Plaintiff Having Two Residences, One in Washington and One in New Jersey**

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899

During Ms. Russell's deposition, she was asked about whether she maintained two residences and details about that arrangement. Musto MIL Decl. at ¶ 4, Ex. B (20:12 –26:18; 37:13–20; 221:8–222:21; 263:12–266:25; 321:23–322:19). For example, T-Mobile asked her the following questions:

- So is it fair to say you prefer to be in New Jersey?

- And you were splitting time between New Jersey and Washington from 2021 to 2023, correct?

- [I]f you had to estimate, how many times did you travel between Washington and New Jersey from 2021 to 2023?

- So from 2021 to 2023, you were traveling between Washington and New Jersey at least once per month, sometimes more?

- Do you own both properties, New Jersey and Washington?

- Have you flown anywhere other than between Washington and New Jersey since 2023?

- During the years 2021 to 2022, you had your house in New Jersey; is that correct?

*Id*.

For similar reasons to the prior motion in limine, evidence of Ms. Russell having two residences should be excluded as irrelevant to her claims or damages. If presented into evidence, the jury will likely try to understand its connection to the employment claims Ms. Russell has pursued in this case. Accordingly, it may engender bias in jurors against Ms. Russell and could cause them to "discount" her damages, so-to-speak, in the event they believe that she has enough assets to survive a job loss for a period of time. Not to mention that it would be likely to confuse the issues and mislead the jury to the extent her residences are

Plaintiff's Motions in Limine
Page 4 of 9

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899

considered in relation to her damages – again, whether she has two residences or not has no bearing on her damages.

**III. Exclude Evidence, Exhibits, and/or Reference to the Plaintiff Having Been in Any and All Car Accidents**

This case exclusively involves legal claims related to Ms. Russell's employment. Ms. Russell and her driving are not on trial in this case. To the extent, the fact that she has been involved in any car accidents is completely irrelevant to this case, and evidence of prior accidents should be excluded. T-Mobile should not be permitted to use any car accidents in which Ms. Russell was involved as a cudgel to attempt to create ill will in the jury against Ms. Russell for incidents that occurred that are unrelated to her claims in this case. If T-Mobile is permitted to present evidence of car accidents in which Ms. Russell was involved, it may cause unfair prejudice, mislead the jury, and confuse the issues in this case.

Certainly, T-Mobile should not be permitted to inquire into any car accidents that predate the period of time involved in this case (roughly summer 2021 through June 2023). We expect T-Mobile may want to argue that a car accident in which Ms. Russell was involved in 2023 is relevant to her emotional distress arguments (i.e., that it contributed to some degree to her emotional distress). To the extent the Court is persuaded by this argument, Ms. Russell submits that T-Mobile should not be permitted to litigate the intimate details of this car accident in her employment discrimination case. To do so would only invite the jury to speculate as to fault without complete information and potentially hold it against Ms. Russell, causing unfair prejudice and confusion of the issues. If the Court decides to permit any testimony or evidence related to this car accident, it should be limited to the date on which it occurred and whether or not it caused any emotional distress to Ms. Russell. T-Mobile would be capable of making

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899

the point that Ms. Russell had other stressors in her life without fully litigating the details of a car accident in a wholly unrelated case.

**IV. Exclude Evidence, Exhibits, Reference, and/or Suggestion That the Plaintiff "Killed" Someone**

During Ms. Russell's deposition, T-Mobile asked questions which were argumentative, lacked any evidentiary support, misstated the facts of a car accident in which Ms. Russell was involved, and highly suggestive that Ms. Russell was responsible for a person's death in a car accident in 2023. Musto MIL Decl. at ¶ 5, Ex. C (357:8–17; 375:10–15). For example, T-Mobile asked her:

- "Ma'am, the accident that you had where the pedestrian was killed was in January of 2023; is that correct?"

- "I'm just going to, for the rest of this testimony I'm just going to refer to it as the accident, okay? I'm not going to talk about killing a pedestrian, but you understand that that's the accident that I'm talking about, all right?"

- "So is it your position that receiving an 80 percent bonus and getting laid off from T-Mobile when you have testified that you have been laid off before is more upsetting than hitting and killing a pedestrian?"

*Id*.

First, as discussed above, information concerning the intimate details of this accident is not relevant to the issues in this case or to Ms. Russell's employment-based claims. Second, the "purpose" of this type of evidence and questioning is probative of no material issue in this case and would be used by T-Mobile to obfuscate and inflame the jury. In fact, these questions and the suggestions and inferences they invite fly directly in the face of the actual facts of the

Plaintiff's Motions in Limine
Page 6 of 9

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899

accident at issue. Permitting this line of questioning would present a high risk of misrepresenting the facts of the accident, confusing the issues, misleading the jury, lacking evidentiary support, and being unfairly prejudicial to Ms. Russell.

T-Mobile should be precluded from presenting any evidence or making any suggestion that Ms. Russell was at fault or responsible for a car accident in which someone died. This would include restricting T-Mobile from (1) using words like "killed," "killing," or other equivalent which suggests fault; (2) making any other suggestion that Ms. Russell was responsible for the accident or death; and (3) referring to any other actual or potential litigation related to the accident.

**V. Preclude T-Mobile From Having a Corporate Representative Present at Trial Who the Parties Anticipate Will Testify in the Trial**

T-Mobile has suggested to Ms. Russell that it intends to seek a motion in limine that, other than the parties, witnesses should be excluded from the trial and courtroom until they testify. Ms. Russell generally agrees to the exclusion of witnesses but believes it should be extended to include a restriction that precludes T-Mobile from having a corporate representative present at trial who the parties anticipate will testify at the trial (i.e., any of Ms. Russell's former supervisors, co-workers, or other witnesses disclosed in this case) – at least before the individual's testimony. T-Mobile is a large corporation with plenty of legal staff, in-house counsel, or other employees or representatives from whom it could choose to "represent" it in observing the trial. There is no reason that, prior to their testimony, T-Mobile should need to have present for the corporation in a representative capacity, for example, Bob Bird, Vance Hampleman, Josh Barr, Collin Williams, HR witnesses who handled Ms. Russell's complaints or accommodations requests, or any other disclosed witness.

Plaintiff's Motions in Limine
Page 7 of 9

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899

1    I certify that the Plaintiff conferred in good faith with the Defendant in an effort to

2    resolve which matters really are in dispute.

3    I also certify that this memorandum contains 1875 words, in compliance with the Local

4    Civil Rules.

5    DATED this 19th day of May, 2025.

6

7                                            VAN SICLEN, STOCKS & FIRKINS

8

9

10                               By: ___/s/ Jeffrey O. Musto_____

11                                      Jeffrey O. Musto, WSBA No. 52805
                                        Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899

1

2

3

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025, I electronically filed the foregoing with the Clerk

4

5

6

of the Court using the CM/ECF system which will send notification of such filing to those

attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served

in accordance with the Federal Rules of Civil Procedure.

7

8

DATED this 19th day of May, 2025.

9

10

11

Sky Park, Paralegal

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899