The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA RUSSELL, individually,<br><br>                Plaintiff,<br><br>  v.<br><br>T-MOBILE USA, INC., a Foreign Profit Corporation,<br><br>                Defendant. | No. 2:24-CV-00255-MJP<br><br>**DEFENDANT T-MOBILE USA, INC'S OMNIBUS MOTIONS *IN LIMINE***<br><br>NOTE ON MOTION CALENDAR:<br>June 9, 2025 |

## I. INTRODUCTION

In order to facilitate an orderly and efficient trial, T-Mobile USA, Inc. ("T-Mobile") respectfully requests that the Court enter orders *in limine* instructing the parties, attorneys, and witnesses regarding the topics set forth below. The motions identified below are consistent with the stated purpose of motions *in limine*, which the Court has recognized is to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984).

## II. CERTIFICATION OF CONFERRAL OF THE PARTIES LCR 7(D)(5)

On May 9, 2025, counsel for the parties conferred on these motions in limine by telephone. The parties were unable to agree on the matters set forth below, necessitating this filing.

## III. SUMMARY OF DEFENDANT'S MOTIONS *IN LIMINE*

T-Mobile moves the Court for an order setting forth the following orders *in limine*:

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 1
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1. The Court should divide the trial time equally between Plaintiff and Defendant.

2. The Court must exclude non-party witnesses until after they have testified.

3. The Court should allow non-party witnesses on both parties' witness lists to appear only once.

4. The Court should exclude evidence of T-Mobile's financial status unless and until liability and entitlement to punitive damages have been established.

5. The Court should exclude "me too" evidence of alleged discrimination or retaliation against other current/former T-Mobile employees of which Sandra Russell has no first-hand knowledge.

6. The Court should not allow Plaintiff's counsel to appeal to the jury as the "conscience of the community."

7. The Court should exclude evidence or argument concerning the number of attorneys and/or the size of the firms representing each party.

8. The Court should exclude reference to these motions *in limine* and motion *in limine* Orders.

9. The Court should prohibit Plaintiff from using leading questions on direct examination, absent a showing that the witness is hostile or adverse.

### IV.    MOTIONS *IN LIMINE*

**A.    Legal Standards.**

"Evidence is relevant if (a) it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 ("Rule 401"). Evidence that is not relevant is inadmissible. Fed. R. Evid. 402 ("Rule 402").

Even evidence that has some relevance should be excluded if the Court finds that it would be, on balance, unfairly prejudicial or cause undue confusion or delay in the trial. *See* Fed. R. Evid. 403 ("Rule 403"). Specifically, Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 2
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." This weighing must also consider "'the availability of other means of proof.'" *United States v. Arambula-Ruiz*, 987 F.2d 599, 604 (9th Cir. 1993) (citing the advisory committee's notes to Fed. R. Evid. 404(b)). Although Rule 403 uses permissive language, the Ninth Circuit has held that "when the probative value of the evidence is 'substantially outweighed by the danger of unfair prejudice . . . or misleading the jury,' the evidence ***must*** be kept out." *United States v. Hitt*, 981 F.2d 422, 423 (9th Cir. 1992) (citing Rule 403) (emphasis added).

B. <u>Motion *in Limine* No. 1</u>: **The Court should divide the trial time equally between Plaintiff and Defendant.**

T-Mobile requests that the Court enter an order equally dividing the trial time and institute reasonable mechanisms to keep track of each side's use of trial time. District courts have inherent powers to "impose reasonable time limits on a trial." *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995); *see also Goodman v. Yulai Wang*, 788 Fed. Appx. 466, 468 (9th Cir. 2019) ("a district court is empowered 'to impose reasonable time limits on a trial'") (quoting *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996)). This inherent authority is coupled with a trial court's duty to both remain impartial and maintain a reasonable appearance of impartiality. *See* 28 USC § 455(a)-(b); *Preston v. United States*, 923 F.2d 731, 734-36 (9th Cir. 1991) (vacating judgment where the trial judge's impartiality could be reasonably questioned). Here, an equal division of time between Plaintiff and Defendant is necessary to ensure that T-Mobile has a fair and complete opportunity to defend against Plaintiff's claims and rebut her accusations. *Cf. PMG, Inc. v. Lockheed Martin Idaho Techs. Co.*, No. CV-02-539-E-BLW, 2006 WL 1207609, at *3 (D. Idaho Apr. 27, 2006) ("The Court will give counsel a total of 13 trial days to select a jury, present opening statements, testimony, and closing arguments. ***To ensure that each side receives an equal amount of time, the Court will put each side on the clock***.") (emphasis added); *see also Hudson v. Alaska Airlines, Inc.*, No. 18-cv-03284-PJH, 2019 U.S. Dist. LEXIS 153418, at *15 (N.D. Cal. Sep. 9, 2019) ("There will be

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 3
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

approximately 18 hours of trial time, which will be divided equally with each side allotted 9 hours for opening statements, presentation of evidence, cross-examination, and closing arguments.").

### C. Motion *in Limine* No. 2: The Court must exclude non-party witnesses until after they have testified.

T-Mobile respectfully moves the Court to exclude non-party witnesses until after they have testified. "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615(a) ("Rule 615(a)"). "The purpose of a Rule 615 exclusion order is to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness's testimony will be based on her own recollections." *United States v. Robertson*, 895 F.3d 1206, 1214 (9th Cir. 2018) (citations omitted). The Court does not have discretion to deny this motion. *See* Rule 615(a); *United States v. Ell*, 718 F.2d 291, 292 (9th Cir. 1983) ("The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was.").

During the parties' conferral, Plaintiff's counsel stated that he would not stipulate to this motion unless T-Mobile agreed to exclude its corporate representative from the courtroom until after he or she testified. *See* Declaration of Katie Loberstein ("Loberstein Decl."), ¶ 3. But Rule 615 notably does not apply to Plaintiff ***or to T-Mobile's representative*** at trial. *See* Rule 615(a)(1)-(2).

Both parties have identified a number of non-party fact witnesses whom they anticipate calling to testify at trial. In order to protect the integrity of each witness's testimony, the Court must require all non-party witnesses to wait outside of the courtroom and/or not log into the Zoom feed whenever other witnesses testify. Once a witness finishes testifying in the case, or once the parties assure the Court that neither intends to call a particular witness to testify, the witness will be excused and may observe the remainder of the trial.

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 4
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**D.    Motion *in Limine* No. 3: The Court should allow non-party witnesses on both parties' witness lists to appear only once.**

Plaintiff has identified ten witnesses who T-Mobile has also identified as non-party witnesses it intends to call during its own case-in-chief: Josh Barr, Eileen Bigham, Robert Bird, Vance Hampleman, Maxine Jarman, Tara Reed, Remus Siclovan, Treva Theus, Collin Williams, and Pamela Yung. These witnesses should only be required to testify one time at trial. Courts have broad discretion under Fed. R. Evid. 611(a) ("Rule 611(a)") to direct "the mode and order of examining witnesses," including to "avoid wasting time." *United States v. Williams*, 375 Fed. Appx. 682, 686 (9th Cir. 2010); *Fuqua v. Ryan*, No. 20-17162, 2024 WL 4648078, at *2 (9th Cir. 2024); *see also Geders v. United States*, 425 US 80, 86 (1976) (trial judge can "determine generally the order in which parties will adduce proof").

The Court should exercise its discretion pursuant to Rule 615 to modify the conventional order of proof and require that—whatever side calls the non-party witness—the witness will only appear once for examination, thereby negating the need to make multiple appearances in this case unless extenuating circumstances dictate otherwise.[1] This will spare the individual witnesses the hardship and inconvenience of making multiple appearances in this trial and additionally conserve judicial resources. *See* Rule 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment").

**E.    Motion *in Limine* No. 4: The Court should exclude evidence of T-Mobile's financial status unless and until liability and entitlement to punitive damages have been established.**

Plaintiff should be prohibited from introducing any evidence or argument relating to the financial situation of T-Mobile or the disparity of the financial situations between the parties.

---

[1] This motion applies to non-party witnesses only and does not apply to Plaintiff, whom Defendant intends to call as a witness in its case-in-chief. This motion also does not seek to preclude Plaintiff from testifying during a rebuttal case, should she elect to put one on.

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 5
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Unless and until Plaintiff has established one or more of her federal claims *and* entitlement to punitive damages, evidence of T-Mobile's financial status is irrelevant and immaterial and poses a substantial danger of unfair prejudice to T-Mobile. Rules 402-403. Evidence of a party's wealth or financial status is irrelevant and unduly prejudicial in most cases. *See Platt v. Holland Am. Line Inc.*, No. 2:20-cv-00062-JHC, 2023 WL 2928348, at *5 (W.D. Wash. Apr. 13, 2023); *O'Neal v. State Farm Fire & Cas. Co.*, No. C23-0232-KKE, 2024 WL 4593001, at *7 (W.D. Wash. Oct. 25, 2024); *see also Bond v. Holland Am. Line NV*, No. C17-1639 MJP, 2019 WL 2287952, at *1 (W.D. Wash. May 29, 2019) (granting "Defendant's motion to exclude evidence of Defendant's wealth and financial condition").

      F.      **Motion *in Limine* No. 5**: The Court should exclude "me too" evidence of alleged discrimination or retaliation against other current/former T-Mobile employees of which Sandra Russell has no first-hand knowledge.

T-Mobile anticipates that Plaintiff will try to confuse and mislead the jury by (1) testifying about alleged discrimination others experienced of which she has no personal knowledge and (2) attempting to introduce irrelevant speculative, untested claims about alleged discrimination involving third parties. T-Mobile moves for an order prohibiting Plaintiff from testifying about alleged discrimination others experienced on the basis that she does not possess personal knowledge of the discrimination others claim to have experienced. Relatedly, to avoid confusing the issues or wasting time, T-Mobile moves for an order precluding testimony regarding unrelated discrimination others claim to have experienced.

*First*, in opposing summary judgment, Plaintiff submitted a declaration in which she testified that "[i]n roughly the summer of 2021, my then supervisor, Sherrie Moore, reported concerns she had about a new director over the DASH team named Bob Bird. There were quite a few members of the DASH team who had concerns about Mr. Bird's leadership style as well as concerns about whether he would treat people of color on the team fairly." Declaration of Sandra Russell in Support of Opposition to Defendant's Motion for Summary Judgment [ECF No. 47], ¶ 6. Similarly, at deposition, Plaintiff testified as follows:

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 6
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

> When Sherrie left the group and Bob and Collin moved in and Vance, ***there was a lot of concern because of how people were treated, how Sherrie had exited the group***. ***People were very uncomfortable*** because of their personal experience with Bob.
>
> A lot of people quit, moved on. ***They weren't comfortable working there because they didn't feel like he was a person that liked minorities***, especially the Dev team. ***I was told*** that he would be on calls yelling at them, threatening to fire people, talking down to them.
>
> ***I wasn't personally on these calls, but these are the stories that I heard directly from people on the Dev team***. I was told that he would threaten to fire their manager on the calls.

Loberstein Decl., ¶ 4, Ex. A [Deposition of Sandra Russell], 153:6-23 (emphasis added).

As this Court is well aware, a witness may only testify about matters of which she has personal knowledge. *See* Fed. R. Evid. 602 ("Rule 602"). Plaintiff's declaration and deposition testimony strongly suggests she will attempt to testify about matters of which she has no personal knowledge. An *in limine* order prohibiting such testimony is warranted. *See, e.g.*, *Combs v. The Cordish Cos.*, No. 14-0227-CV-W-ODS, 2018 WL 1464033, at *14 (W.D. Mo. Mar. 23, 2018) ("Pursuant to Rule 602 of the Federal Rules of Evidence, Defendants move to prohibit testimony about the alleged discriminatory incident by witnesses who have no personal knowledge of the alleged discriminatory incident. In response, Plaintiff assures the Court he will comply with the Federal Rules of Evidence. Accordingly, Defendants' motion is granted."); *see also Bradley v. Rhema-NW Op. LLC*, No. 16-2493, 2017 WL 4804419, at *2-3 (6th Cir. Oct. 3, 2017) (affirming exclusion of alleged discriminatory statements because they constituted "double hearsay"; "Bradley testified that she was repeating what other people told her they heard at the meeting; she herself was not present at the meeting where the allegedly discriminatory remarks were made.").

**Second**, in opposing summary judgment, Plaintiff also relied on declarations of former employees who claimed, in conclusory fashion, that they, too, felt like T-Mobile had discriminated against them or other people of color. This purported evidence—oftentimes referred to as "me too" evidence—should be excluded.

"Me too" evidence is "neither *per se* admissible nor *per se* inadmissible" under Rule 401

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 7
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 381 (2008). "Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case. . . ." *Id.* at 387 (noting the inquiry is fact-intensive and context-specific). The admissibility of "me too" evidence depends on many factors, "including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id.* at 388.

Former T-Mobile employee Sherrie Moore ("Moore") believes that she experienced gender and racial discrimination and retaliation while working at T-Mobile. *See* Declaration of Sherrie Moore in Support of Opposition to Defendant's Motion for Summary Judgment [ECF No. 49] at ¶¶ 15-16, 23. Her belief is based on her perception that her supervisor "berated" her "in ways [she] did not see him do with other white or male employees." *Id.* at ¶ 16. Moore was laid off in connection with a reduction in force that is not the subject of Plaintiff's lawsuit. *See* Loberstein Decl., ¶ 5.

Former T-Mobile employee Lamiya Kazi ("Kazi") also believes that she was discriminated against while working at T-Mobile. *See* Declaration of Lamiya Kazi in Support of Opposition to Defendant's Motion for Summary Judgment [ECF No. 50], ¶ 13. Her claim is based on the fact that she "*felt*" she "was treated differently than other employees who were not people of color." *Id.* Kazi was laid off in connection with a reduction in force that is not the subject of Plaintiff's lawsuit. *See* Loberstein Decl., ¶ 5. According to T-Mobile's records, Kazi never reported alleged discrimination or retaliation against Plaintiff's managers (the alleged wrongdoers in this case) while at T-Mobile. *See id.* at ¶ 6.

Former T-Mobile employee Maxine Jarman ("Jarman") also believes that she experienced discrimination and was laid off because she is a woman of color. *See* Declaration of Maxine Jarman in Support of Opposition to Defendant's Motion for Summary Judgment [ECF No. 46], ¶¶ 9, 11, 36. Jarman was not laid off during the reduction in force that impacted Plaintiff; Jarman was part of a different layoff that is not the subject of Plaintiff's lawsuit. *See* Loberstein Decl., ¶ 5. Jarman, like Kazi, never reported alleged discrimination or retaliation

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 8
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

against Plaintiff's managers (the alleged wrongdoers in this case) while at T-Mobile. *See id.* at ¶ 7.

Moore, Kazi, and Jarman should not be allowed to testify about their respective layoffs or their perceptions that they were treated differently because of their races (Moore and Jarman are Black; Kazi is Bangladeshi American). If the Court would allow such testimony, T-Mobile would need to respond to each and every one of their claims. Specifically, T-Mobile would be required to introduce (1) evidence regarding each of their respective layoffs (and why they were chosen for layoff), (2) evidence of their respective performance, including their performance relative to their peers, and (3) evidence regarding their claims that they were treated differently than their colleagues. Moreover, Moore, Kazi, and Jarman describe specific interactions and projects in their declarations. If allowed to testify about those specific interactions and projects, T-Mobile would be required to introduce (4) rebuttal evidence regarding their claims about those interactions and projects. *See, e.g.*, *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 393 (E.D. Pa. 1980) ("Defendants then would have been placed in the position of either presenting the justification for each witnesses' lay off, or of allowing the testimony to stand unrebutted. This latter alternative, of course, would have had an obvious prejudicial impact on the jury's consideration of Moorhouse's case. To have pursued the former option, defendants would have been forced, in effect, to try all six cases together with the attendant confusion and prejudice inherent in that situation."). The Court should not allow the trial in this case—a trial that is supposed to be about Plaintiff and what she allegedly experienced—to devolve into a trial about what Moore, Kazi, and Jarman claim to have experienced. *See id.* at 393, n.4 (affirming decision to exclude witnesses who had intended to testify about their respective layoffs and their beliefs that they were discriminated against; "In the Court's view, even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age.").

*DePue v. Sears, Roebuck and Co.*, 812 F. Supp. 750 (W.D. Mich. 1992), is instructive. In *DePue*, the plaintiff in a personal injury case sought to introduce evidence of ten other accidents

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 9
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

involving alleged malfunctions of the same make and model of shotgun that plaintiff alleged caused his injuries. *See id.* at 751. Noting that "no court has made any findings of fact in any of these other cases [involving the other shotguns]" the court found that the plaintiff had not met his burden of proving that the other accidents were substantially similar. *Id.* at 753.

The *DePue* court excluded the evidence under Rule 403, noting that the plaintiff sought to prove that the facts of his case were substantially similar to the facts of the other ten cases "by getting into this issue at the trial," and that "if plaintiff is allowed to do this, defendant will call various experts and/or put on various proofs to counter each and every other accident that is presented to the jury," which "would [thus] result in ten not-so-mini-but-actually-large-sub-trials." *Id.* at 753-54. That is precisely what would happen here if Moore, Kazi, and Jarman were to be allowed to testify about their respective, subjective experiences: one trial on Plaintiff's claims and an additional three large sub-trials on Moore's, Kazi's, and Jarman's claims.

For the foregoing reasons, and pursuant to Rule 403, the Court should exclude any and all evidence and argument regarding Moore's, Kazi's, and Jarman's subjective experiences.[2] *See also Kline v. City of Kansas City, Fire Dep't*, 175 F.3d 660, 668 (8th Cir. 1999) (excluding evidence because, *inter alia*, the probative value of evidence of discrimination suffered by the plaintiff's co-employees would be substantially outweighed by threat of confusion of issues and unfair prejudice).

G.  **Motion *in Limine* No. 6: The Court should not allow Plaintiff's counsel to appeal to the jury as the "conscience of the community" or instruct jurors to "put themselves in Plaintiff's shoes."**

T-Mobile anticipates that Plaintiff's counsel may refer to the jury in *voir dire,* at opening arguments, or during closing argument as the "conscience of the community." T-Mobile moves to exclude such references or arguments, as there can be little doubt that the only purpose of

---

[2] Rule 403's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979), *cert. denied*, 444 U.S. 862, 100 S. Ct. 128 (1979).

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 10
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

urging jurors to decide the case based on their "conscience"—rather than the actual jury instructions—would be to inflame, distract, and confuse the jury as to its civic duty to apply the law as instructed by the Court.[3] Even if Plaintiff can somehow show minimal relevance, the probative value of the references or arguments is substantially outweighed by the danger of unfair prejudice. For these reasons, the Court should exclude references or arguments regarding the jury's role as being the "conscience of the community" under Rule 403.

T-Mobile expects that Plaintiff may also instruct or invite jurors to put themselves in Plaintiff's shoes. "In general, attorneys are precluded from making 'golden rule' arguments" such as this, which suggests to jurors that they treat the plaintiff as they would want to be treated if they were in the plaintiff's shoes. *Mooney v. Roller Bearing Co. of Am., Inc.*, 601 F. Supp. 3d 881, 889 (W.D. Wash. 2022). T-Mobile moves to exclude suggestions or arguments that the jury put itself in Plaintiff's shoes. Such golden rule arguments encourage jurors to depart from neutrality and decide the case based on personal interest, thereby distracting the jury from its civic duty to decide the case based on the evidence presented. Further, any scintilla of relevance is substantially outweighed by the danger of unfair prejudice. Even if Plaintiff could somehow show minimal relevance, the probative value of the references or arguments is substantially outweighed by the danger of unfair prejudice and misleading the jury. The Court should "golden rule" arguments under Rule 403.

H.  **Motion *in Limine* No. 7: The Court should exclude evidence or argument concerning the number of attorneys and/or the size of the firms representing each party.**

The Court should exclude any evidence of, reference to, or argument about the number of attorneys and/or the size of the law firms who have represented the parties during the course of this action pursuant to Rules 402 and 403. There is no probative value in allowing reference to

---

[3] This instruction especially inappropriate where "punitive damages [are] not available." *See McGee-Grant v. Am. Fam. Mut. Ins.*, No. C14-1989RSM, 2016 WL 9526408, at *2 (W.D. Wash. Feb. 25, 2016). If the Court is inclined to deny this motion, T-Mobile asks that, in the alternative, Plaintiff only be permitted to make such an argument after establishing both liability on one or more of her claims and entitlement to punitive damages.

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 11
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the number of attorneys who have represented T-Mobile or payments to its attorneys, and the only purpose would be to elicit an emotional reaction from the jury and encourage them to decide liability based on a party's resources rather than its compliance with the law. Any such evidence should be excluded.

I.  **Motion *in Limine* No. 8: The Court should exclude reference to these motions *in limine* and motion *in limine* Orders.**

It is improper for counsel to mention that a motion *in limine* has been brought by another party prior to the beginning of trial. The only purpose of such statements is to inflame the jury and encourage them to speculate upon evidence that they have not been allowed to hear and the motivation of a party in bringing the motion. No remarks or comments to this regard should be permitted.[4] *See* Rule 403.

Similarly, counsel should be required to inform all witnesses of any orders *in limine* before the witness testifies. Without such instruction, a witness may inadvertently introduce inadmissible and prejudicial evidence. To ensure compliance with the Court's orders, all witnesses must know in advance if there are topics about which they are not permitted to testify.

J.  **Motion *in Limine* No. 9: The Court should prohibit Plaintiff from using leading questions on direct examination, absent a showing that the witness is hostile or adverse.**

Pursuant to Rule 611(c), leading questions should be used on direct examination only as "necessary to develop the witness's testimony," such as "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Rule 611(c)(2). A witness is "'identified with . . . an adverse party'" if "one would generally presume that the witness would align herself with that party in a dispute." *Yousefi v. Delta Elec. Motors, Inc.*, No. C13-1632RSL, 2015 WL 11217257, at *1 (W.D. Wash. May 11, 2015).

While some courts have held that a witness called by his/her/their current employer is

---

[4] Necessary objections based on motions *in limine* at trial are excluded from this request. The parties should still be able to object if the other party elicits testimony or offers evidence inconsistent with the Court's final motion *in limine* orders.

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 12
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

presumed to be identified with that employer, *see id.*, such is not the case here, where Plaintiff intends to call witnesses who are *adverse* to their former employer. *See Sanchez v. California*, No. 1:12-cv-01835-SAB, 2015 U.S. Dist. LEXIS 70643, at *3-4 (E.D. Cal. May 29, 2015) (declining to designate all of defendant's employees as adverse witnesses); *see also Sadid v. Idaho State Univ.*, No. 4:11-cv-00103-BLW, 2013 WL 6383254, at *3 (D. Idaho Dec. 5, 2013) (declining to permit leading questions on direct examination of defendant's employee of twenty-two years and former employee without some evidence that either was hostile to plaintiff).

Plaintiff intends to call the following witnesses who are **adverse** to T-Mobile, despite their professional affiliations. Plaintiff should not be permitted to ask them leading questions on direct examination because the exceptions to Rule 611(c) do not apply.

- Former T-Mobile employee Kellye Paterson is, by her own admission, a friend of Plaintiff who hopes her testimony "will help Ms. Russell in her lawsuit against T-Mobile." Loberstein Decl., ¶ 8, Ex. B [Deposition of Kellye Paterson], 5:1-11.
- Former T-Mobile employee Moore describes herself "a trusted confidant" of Plaintiff. Declaration of Sherrie Moore in Support of Opposition to Defendant's Motion for Summary Judgment [ECF No. 49], ¶ 25. Moore also believes that she experienced gender and racial discrimination and retaliation while working at T-Mobile. *Id*. at ¶¶ 15-16, 23.
- Former T-Mobile employee Kazi believes that she was discriminated against while working at T-Mobile. *See* Declaration of Lamiya Kazi in Support of Opposition to Defendant's Motion for Summary Judgment [ECF No. 50], ¶ 13 ("I felt like I was treated differently than other employees who were not people of color.").
- Former T-Mobile employee Jarman believes that she experienced discrimination and was laid off because she is a woman of color. *See* Declaration of Maxine Jarman in Support of Opposition to Defendant's Motion for Summary Judgment [ECF No. 46], ¶¶ 9, 11, 36.

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 13
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

No one would reasonably presume these witnesses to align themselves with T-Mobile in this dispute, so they are not "identified with" T-Mobile within the meaning of Rule 611(c)(2). *See Yousefi*, 2015 WL 11217257, at *1. Because these former employees are also not hostile or adverse to Plaintiff, T-Mobile requests an order that Plaintiff be prohibited from utilizing leading questions with these witnesses, absent a prior showing that each witness is in fact hostile or adverse.

If Plaintiff is allowed to use leading questions on direct examination of these witnesses, Plaintiff would have a significant and unfair advantage at trial. "Leading questions are disfavored" because of their suggestive powers. *Yousefi*, 2015 WL 11217257, at *1; *United States v. Garg*, No. CR21-0045-JCC, 2024 WL 359056, at *2 (W.D. Wash. Jan. 31, 2024). As courts have recognized, permitting a party to ask leading questions "tend[s] to make the person under oath on the stand not the *de facto* witness"; instead, the "tendency [is] to get the questioner's version of the 'facts.'" *United States v. McLaughlin,* No. 95-CR-113, 1998 WL 966014, at *2 (E.D. Pa. Nov. 19, 1998); *see also United States v. Bryant,* 461 F.2d 912, 918 (6th Cir. 1972) ("If counsel were allowed routinely to lead a witness on direct examination, the evidence elicited would all too often be that of the lawyer, not of the witness."); *United States v. McDade,* No. 92-249, 1994 WL 161243, at *4 (E.D. Pa. Apr. 15, 1994) (noting that leading questions afford the examiner "evidentiary advantages"). In order for T-Mobile to receive a fair trial, Plaintiff must clearly demonstrate entitlement to ask leading questions prior to doing so with witnesses Paterson, Moore, Kazi, and Jarman.

//
//
//
//
//
//

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 14
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## V. CONCLUSION

For the foregoing reasons, the Court should grant the requested motions *in limine*.

DATED this 19th day of May, 2025.

*I certify that this Motion contains 4,841 words, in compliance with the Local Civil Rules.*
DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant T-Mobile USA, Inc.*

By */s/Portia R. Moore*
  Portia R. Moore, WSBA #13354
By */s/ Giancarlo Urey*
  Giancarlo Urey, WSBA #57898
By */s/ Katie Loberstein*
  Katie Loberstein, WSBA #51091
  920 Fifth Avenue, Suite 3300
  Seattle, WA 98104-1610
  Telephone: 206.622.3150
  Fax: 206.757.7700
  Email: portiamoore@dwt.com
  Email: giancarlourey@dwt.com
  Email: katieloberstein@dwt.com

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 15
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on May19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington this 19th day of May, 2025.

/s/ Lorraine Wojcik
Lorraine Wojcik, Legal Assistant
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Fax: 206.757.7700
Email: lorrainewojcik@dwt.com

DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE* - 16
(Case No. 2:24-cv-00255-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax