UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA RUSSELL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>T-MOBILE USA, INC.,<br><br>　　　　　　Defendant. | CASE NO. 2:24-cv-00255-MJP<br><br>ORDER ON PLAINTIFF'S MOTION TO SEAL |

This matter comes before the Court on Plaintiff Sandra Russell's Motion to Seal (Dkt. No. 51). Having reviewed the Motion, Defendant T-Mobile's response (Dkt. No. 57), and all supporting materials, the Court DENIES the Motion.

In support of her Response to Defendant's Motion for Summary Judgment (Dkt. No. 44), Plaintiff filed under seal thirteen exhibits—Exhibits B, C, E, F, G, I, J, K, L, M, Q, R, U to the Declaration of Jeffery Musto (Dkt. No. 45)—on the basis that Defendant had designated those documents as confidential. (Mot. at 1.)

ORDER ON PLAINTIFF'S MOTION TO SEAL - 1

In response, Defendant argues that there are two reasons why the exhibits should not be sealed. First, prior to Plaintiff filing her response, Defendant agreed to remove the confidentiality designations on Exhibits Q and R. (Resp. at 2; Declaration of Giancarlo Urey (Dkt. No 58) ¶ 5.) Second, Defendant also informed Plaintiff that the redaction of "non-party employee names and/or ID numbers," contained in the remaining exhibits, rather than sealing them in their entirety, would be sufficient to address any confidentiality concerns. (Resp. at 3; Urey Decl. ¶ 5.) The Court agrees with Defendant. Local Civil Rule 5(g)(1) requires parties to "explore all alternative to filing a document under seal," including "determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary," while still "protect[ing] sensitive information by redacting sensitive information . . . that the court does not need to consider." Plaintiff's filing of Exhibits Q and R under seal was unnecessary because of Defendant's withdrawal of the confidentiality designations as to those documents. And, as the Party who originally designated Exhibits B, C, E, F, G, I, J, K, L, M, and U as confidential, Defendant has shown that a less restrictive alternative to sealing is sufficient. See Local Civ. R. 5(g)(3)(B). Therefore, the Court sees no reason why the documents should remain under seal in their entirety.

Accordingly, Plaintiff's Motion to Seal is DENIED. The Clerk is directed to unseal and file for public record the unredacted version of Exhibits Q and R to the Musto Declaration (Dkt. No. 45). Within 14 days of this Order, Plaintiff is ORDERED to file for public record Exhibits B, C, E, F, G, I, J, K, L, M, and U to the Musto Declaration (Dkt. No. 45) with redactions to the non-party employee names and/or employee identification numbers.

//

//

ORDER ON PLAINTIFF'S MOTION TO SEAL - 2

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated May 30, 2025.

*[signature: Marsha J. Pechman]*

Marsha J. Pechman
United States Senior District Judge