UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA RUSSELL,<br><br>                Plaintiff,<br><br>   v.<br><br>T-MOBILE USA, INC.,<br><br>                Defendant. | CASE NO. 2:24-cv-00255-MJP<br><br>ORDER GRANTING ATTORNEYS' FEES |

This matter comes before the Court on Plaintiff Sandra Russell's Motion for Attorneys' Fees (Dkt. No. 54). Having reviewed the Motion, Defendant T-Mobile's Response (Dkt. No. 61), and all other relevant material, the Court GRANTS IN PART the Motion.

**BACKGROUND**

This case arises out of Plaintiff's claims that Defendant discriminated against her on the basis of her race, gender, age, and disability, and failed to accommodate her disability. (See generally Compl. (Dkt. No. 1).) Pursuant to the discovery process, Plaintiff served Defendant with her First Set of Interrogatories and Requests for Production and a Notice of Deposition of

1  Representative Deponents Pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff then brought motions
2  seeking an order compelling Defendant to (1) supplement its discovery responses, (see Dkt. No.
3  26,) and (2) produce a 30(b)(6) deposition witness, (see Dkt. No. 33.) The Court granted the first
4  motion in part and the second motion in full, and noted that Plaintiff could move for attorneys'
5  fees under Federal Rule of Civil Procedure 37 following the entry of the Order. (See Dkt. No.
6  52.)

**ANALYSIS**

To set the fee award, the Court begins by calculating a lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)); see Ewing v. Glogowski, 198 Wn. App. 515, 521 (2017) (accord under Washington law). Under federal law, the Court determines the hourly rate by considering the "evidence produced by the parties, including fee rates of other attorneys in similar practices, awards in comparable cases, counsel's experience and reputation level, and the market rates, as well as two additional Kerr factors: the novelty/difficulty of the issues and the preclusion of other work." Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005).

In deciding the number of hours "reasonably expended," the Court considers whether the time spent on the matter was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The requesting attorney "must provide reasonable documentation of the work performed" to enable this determination. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983); Hensley, 461 U.S. at 433 (accord). "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner,

1 associate, etc.)." Bowers, 100 Wn.2d at 597. "Illegible, abbreviated time records, submitted in a
2 form not reasonably capable of evaluation, do not satisfy the burden of submitting detailed time
3 records justifying the hours claimed." Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir. 1993)
4 (citation and quotation omitted).

5 **A.    Hourly Rates**

6 Plaintiff asks for the approval of an hourly rate of $350 an hour for attorney Jeffrey
7 Musto. (Declaration of Jeffrey O. Musto (Dkt. No. 55). Musto has over 7 years of legal
8 experience in Washington with his firm of Van Siclen, Stocks & Firkins. (Id. ¶ 2.) Defendant
9 does not dispute the hourly rates, and the Court finds these hourly rates appropriately reflect the
10 skill of counsel and the quality of work performed.

11 **B.    Hours Expended**

12 The Court next assesses the reasonable number of hours spent litigating this matter. In his
13 declaration, Musto provided a breakdown of the time spent on the discovery motions, including
14 the hours spent, the work performed during those respective times, and the billing rate. (Musto
15 Decl. ¶ 4.) Musto asserts that he spent a total of 68.2 hours on the discovery motions, including
16 time spent meeting and conferring with Defendant regarding the discovery disputes, and seeks a
17 total of $23,914.90 in fees and costs related to the disputes. (Id. ¶¶ 4, 6.) Musto notes that any
18 recorded time spent by his paralegal, Sky Park, was omitted from the fee petition. (Id. ¶ 4 n.1.)

19 Defendant asks the Court to reduce the fees requested by Plaintiff to omit $4,725.00 in
20 expenses related to the time spent conferring with Defendant regarding the discovery disputes.
21 (Opp. at 2–4.) The Court agrees. The 13.5 hours which Plaintiff spent preparing for, organizing,
22 and participating in discovery conferences is not compensable. First, the time spent related to
23 these conferences is part of the requirement that Plaintiff "in good faith confer[] . . . with the
24

person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." Local Civ. R. 37(a)(1). It follows that Defendant is not responsible for fees which Plaintiff would have necessarily incurred even had the dispute been without the Court's intervention. See Hung Nguyen v. Regents of Univ. of California, No. 8:17-CV-00423-JVS-KESX, 2018 WL 6112616, at *3 (C.D. Cal. May 18, 2018) (collecting cases). Nor does Plaintiff allege that Defendant failed to participate in a good faith meet and confer regarding the discovery dispute or otherwise obstruct the resolution process. See Matlink, Inc. v. Home Depot U.S.A., Inc., No. 07-cv-1994, 2008 WL 8504767, at *15 (S.D. Cal. Oct. 27, 2008) (awarding fees for half of hours spent meeting and conferring where opposing party "stonewalled" the discovery conference process). Accordingly, the Court finds it appropriate to limit the award of attorneys' fees to $19,145.00, or the 54.7 hours which Musto avers he worked on the discovery motions and fee petition themselves. (See Musto Decl. ¶ 4.)

Defendant next argues that the hours spent are excessive. (Opposition (Dkt. No. 61) at 5–7). The Court disagrees. "[I]n determining the reasonableness of hours spent preparing a motion, the Court may exclude any hours that are excessive, redundant, or otherwise unnecessary." Wagafe v. Trump, No. C17-00094 RAJ, 2020 WL 2494726, at *2 (W.D. Wash. May 14, 2020) (citing Hensley, 461 U.S. at 433–34.) On balance, the Court finds that the hours claimed by Plaintiff in relation to the three motions to be reasonable and declines to further reduce the fee award.

## CONCLUSION

Based on the records provided by counsel, Plaintiff has demonstrated that the lodestar calculation in this case reflects a reasonable and appropriate award of attorneys' fees. While the hours spent on the three motions is reasonable, Plaintiff should not be compensated for time

ORDER GRANTING ATTORNEYS' FEES - 4

1  spent preparing for and participating in discovery conferences. The Court therefore GRANTS the

2  Motion IN PART. Plaintiff is awarded $19,189.90 in attorneys' fees and costs. Defendant must

3  pay these fees within thirty (30) days of this Order.

4        The clerk is ordered to provide copies of this order to all counsel.

5        Dated May 30, 2025.

                                                    Marsha J. Pechman
                                                   United States Senior District Judge

ORDER GRANTING ATTORNEYS' FEES - 5