```
 1
 2
 3
 4
 5
 6
 7
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA RUSSELL,<br><br>               Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC.,<br><br>               Defendant. | CASE NO. 2:24-cv-00255-MJP<br><br>ORDER GRANTING RECONSIDERATION |

**INTRODUCTION**

This matter comes before the Court on Plaintiff Sandra Russell's Motion for Reconsideration (Dkt. No. 83). Having reviewed the Motion, Defendant T-Mobile USA, Inc.'s Response (Dkt. No. 86), and all other supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

The underlying dispute involves Plaintiff's allegations that Defendant, her former employer, discriminated against her on the basis of her age, sex, gender, race, and disability. (See generally, Compl. (Dkt. No. 1).) Defendant moved for summary judgment on all of Plaintiff's claims, (see Dkt. No. 39), which the Court granted in part, (see MSJ Order (Dkt. No. 71)). As

relevant here, the MSJ Order dismissed Plaintiff's allegation that Defendant violated state and federal law by failing to accommodate her disability. (See MSJ Order at 20–21.) The Court dismissed the claim, finding that because "Plaintiff admit[ed] that she 'worked a hybrid role in which [she] was permitted to work from home and the office[,]'" and "allowing Plaintiff to work from home was a reasonable accommodation for her disability," Defendant did not fail to accommodate Plaintiff as a matter of law. (Id. at 20–21.)

Plaintiff now moves for reconsideration of the dismissal of her failure to accommodate claim. (Dkt. No. 83.)

## ANALYSIS

**A.     Legal Standard**

Under Local Civil Rule 7(h), "[m]otions for reconsideration are disfavored." LCR 7(h)(1). As the Rule explains, "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

**B.     Manifest Error**

Plaintiff argues that the Court committed manifest error by concluding that her admission that she was a hybrid employee meant that she was permitted to work from home full-time or on an as-needed basis. (Mot. at 5–6.) The Court agrees.

Plaintiff's admission that she was a hybrid employee is distinct from an admission that she was allowed to work remotely as needed. As a hybrid employee, Plaintiff could work from home two days per week but was still required to work in the office to some extent. (See Declaration of Giancarlo Urey (Dkt. No. 43), Ex. A at 95; Declaration of Sandra Russell (Dkt. No. 47) Ex. R (in a March 9, 2023, email to Plaintiff and her team, Plaintiff's manager writes

that employees should work in-person "3 days [per week] at a MINIMUM moving forward") (emphasis in original); Declaration of Mark Moran (Dkt. No. 40), Ex. A (records showing Plaintiff's history of accessing Defendant's offices on at least nine different days between February 13, 2023, and April 4, 2023).) This is fundamentally different than being allowed to work from home full time. Therefore, the Court erred by viewing Plaintiff's admission that she was a hybrid employee as an admission that she was allowed to work remotely as needed. The two roles are distinct.

With this distinction in mind, the Court reviews the record to determine whether there remains no genuine dispute of material fact as to Plaintiff's failure to accommodate claim. In support of its motion for summary judgment, Defendant argued that "while [Plaintiff] was awaiting an assigned workstation, [Defendant] allowed [her] to work from home as needed," citing the deposition testimony of Robert Bird, Plaintiff's skip manager, who "explicitly remember[ed] giving the approval and the okay that [Plaintiff] could continue to work remote while the teams tried to work out how best to accommodate her asks." (Dkt. No. 39 at 8; Urey Decl., Ex. F at 198.) However, Plaintiff explicitly denies that her managers allowed her to work from home on an as-needed basis at any time between 2021 and 2023. (See Urey Decl., Ex. A at 66 ("Q: From 2021 to 2023, your managers also allowed you to work from home as needed, correct? A: When? Q: Between 2021 and 2023. A: No.").) This is a genuine dispute as to whether Plaintiff was permitted to work from home on an as-needed basis. Plaintiff's testimony was material as to whether Defendant had adequately accommodated her disability and stands in direct controversy with the statement made by Bird. (See also Dkt. No. 53 at 9 (Defendant citing to the Bird deposition as evidence "show[ing] that Plaintiff was permitted to work from home when needed.").) The Court was required to view all evidence in the light most favorable to

Plaintiff and draw all reasonable inferences in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986). It was manifest error for the Court to disregard Plaintiff's testimony that she was disallowed to work from home on an as-needed basis. On that basis, Plaintiff's Motion is GRANTED.

**CONCLUSION**

The Court committed manifest error by conflating Plaintiff's admission that she was a hybrid employee with an admission that she was allowed to work remotely full-time. There remains a genuine dispute of material fact as to whether Defendant ever accommodated Plaintiff by allowing her to work from home while her in-person accommodations were left unimplemented. Accordingly, the Court GRANTS Plaintiff's Motion. Summary judgment on Plaintiff's Failure to Accommodate Claim (Claim 3) is DENIED.

To the extent that the reinstatement of Plaintiff's failure to accommodate claim warrants revision of the Parties' previously-filed Proposed Voir Dire Questions, Trial Briefs, Proposed Jury Instructions, and Proposed Pretrial Order, the Parties are ORDERED to revise and refile those documents by August 11, 2025.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 31, 2025.

Marsha J. Pechman
United States Senior District Judge